IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| John W. Ickes, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15cv605 (LO/IDD) |
| | ) | |
| Jason Wilson, et al., | ) | |
|     Defendant. | ) | |

FILED MAY 11 2016

## MEMORANDUM OPINION

John W. Ickes, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants, officials at the Virginia Center for Behavioral Health ("VCBR"), have violated his constitutional rights. Defendants have filed a Motion to Dismiss and Alternative Motion for Summary Judgment, as well as a memorandum of law and affidavits and exhibits to support the motion. Dkts. Nos. 15, 16, 17. Plaintiff received the Notice required by Local Rule 7(K) and the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. Accordingly, the matter is now ripe for disposition. For the reasons that follow, defendant's Motion for Summary Judgment must be granted, and the remaining motions must be denied, as moot.

### I. Background

Plaintiff has been in custody of VCBR since August 12, 2014. Compl. at 4. Plaintiff claims he was subjected to an unreasonable search and seizure of his papers and effects by defendants in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution. Id. Specifically, he claims all of his personal possessions, including "voluminous legal work and personal writings" where taken from him. Id. Additionally, he alleges all of his "material[s]" were examined and read outside his presence, and that many of the documents seized

were never returned to him by Defendant Moore. Id.

VCBR houses individuals who have been found to be sexual predators by the Commonwealth of Virginia. Va. Code § 37.2-900. VCBR's "Rules for Resident Property/Property Guide" ("Property Guide") provides notice to residents on many issues, and a copy of the Property Guide is given to each resident upon arrival to VCBR. Dkt. No. 17, Moore Dec. at ¶ 5; Att. A. The section entitled "Purpose," provides: "Procedures must be in place to ensure that the security and treatment is maintained. Managing property content and amounts is a vital step to ensure access to belongings in a fair and consistent manner while promoting a secure therapeutic environment." Id.

Additionally, VCBR has implemented policies in order to provide treatment to civilly committed sexually violent predators in a safe and secure environment. Dkt. No. 17, Wilson Dec. at ¶ 6. One of these policies is Facility Instruction No. 127, "Searches and Contraband," ("FI 127"), which provides that property searches of a resident's property upon his arrival to VCBR may be conducted outside the presence of the resident by security or by property staff. Id. at ¶ 7; Att. B. Thus, per FI 127, the search of plaintiff's property upon his arrival to VCBR was conducted outside his presence. Id.

VCBR also has exemptions to certain regulations that allow the facility to restrict or limit residents' rights to inappropriate, sexually explicit, or violent materials. Dkt. No. 17, Wilson Dec. at ¶ 5; Att. A. Facility Instruction 109, "Resident Media," ("FI 109") provides that "any item determined to be counter-therapeutic, contains inappropriate content or jeopardizes the safety or orderly administration of VCBR is prohibited." Id. FI 109 also specifically directs that "all photographs, unapproved publications, books and media are screened by clinical staff prior to their receipt by the residents." Dkt. No. 17, Moore Dec. at ¶ 7; Att. B. Thus, when staff determined

2

that some of plaintiff's property was inappropriate, it was sent to a treatment associate for review in accordance with FI 109. Id. at ¶ 8. Specifically, the treatment associate and the Clinical Director found some of plaintiff's writings to include sexualized, objectified descriptions of children, and per policy, he was not allowed to keep those writings. Dkt. No. 17, Schlank Dec. at ¶ 8.

Plaintiff complains that he was not able to keep his writings at VCBR. He followed all steps of the complaint process; however, it was determined that his complaint was not a human rights violation. See Compl. Att. 1, 2. Plaintiff names Facility Director Jason Wilson and Property Department Supervisor Twalla Moore as defendants, and he alleges they violated his Fourth and Fourteenth Amendment rights under the United States Constitution. He seeks monetary and declaratory relief.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.[1] The moving party bears the burden of proving that judgment as a matter of law is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden shifts to the nonmoving party to point out the specific facts that create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party must present some evidence, other than its initial pleadings, to show that

---

[1] Defendants moved both for dismissal of plaintiff's complaint and alternatively for summary judgment. Because defendants rely on evidentiary material, the Court finds it appropriate to review their position pursuant to the standard of review for summary judgment requests.

there is more than just a "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Celotex, 477 U.S. at 324 (quoting Rule 56(e) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by [other evidence] designate 'specific facts showing that there is a genuine issue for trial.'"). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), abrogated on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Therefore, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the nonmoving party. Matsushita Elec. Indus. Co.,475 U.S. at 587.

### III. Analysis

#### A. Defendants Did Not Violate Plaintiff's Due Process Rights

There are a number of problems with plaintiff's claim that he is entitled to damages under § 1983 because his right to due process was violated by the defendants' alleged deprivation of his property. First, such a claim is foreclosed by the rule of Parratt v. Taylor, 451 U.S. 527 (1981). The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or

property without due process of law." U.S. Const. amend XVI § 1. Thus, to violate procedural due process, defendants' actions must implicate plaintiff's interest in "life, liberty, or property." Hewitt v. Helms, 459 U.S. 460, 466 (1983). Where a deprivation of property results from an established state procedure, due process requires the state to provide a pre-deprivation hearing. See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). However, in certain circumstances, the availability of meaningful post-deprivation procedures satisfies the requirements of due process, such as where it is impractical to provide a meaningful hearing prior to an alleged deprivation. Parratt, 451 U.S. at 538 (due process satisfied by post-deprivation remedies when a deprivation is caused by the random, unauthorized acts of a state employee). The rule in Parratt applies with equal force to negligent as well as intentional deprivations by state employees. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a "shakedown").

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Va. Code Ann. § 8.01-195.3, Virginia has waived sovereign immunity for damages for "negligent of wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). Plaintiff has not alleged that he has been denied post-deprivation procedures to redress the loss of his property; on the contrary, he states with specificity his thorough use of the VCBR internal appeal process. Therefore, he has not stated a constitutional claim. Whether plaintiff alleges that he was deprived of his property negligently or intentionally, the availability of post-deprivation procedures is sufficient to satisfy the requirements of due process. Furthermore, because the availability of a

tort action in state court fully satisfies the requirement of meaningful post-deprivation process, plaintiff cannot state a claim for the loss of his property under the Fourteenth Amendment.

### B. Defendants Did Not Violate Plaintiff's Fourth Amendment Rights

Summary judgment in favor of defendants is appropriate because there is no genuine dispute of any material fact that would entitle plaintiff to relief. Plaintiff claims that both the search and seizure of his personal property outside of his presence, led by defendant Moore, and upheld by defendant Wilson in his ruling on plaintiff's grievance, were in violation of his Fourth Amendment rights. The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Specifically, the Fourth Amendment does not proscribe to all searches and seizures by the government, only those that are "unreasonable." Scott v. United States, 436 U.S. 128, 137 (1978).

In Turner v. Safely, 482 U.S. 79 (1987), the Court noted that the "difficulties of operating a detention center must not be underestimated by the courts." Id. at 84-85; see also Williams v. Ahlin, No. 1:10-CV-00984, 2011 WL 5307819, at *6 (E.D. Cal. Nov. 3, 2011) (applying Turner to a case in which a civil detainee was involved). Further, the Court acknowledged that it is important to give deference to state correctional officials, specifying that a regulation that impinges on an inmate's constitutional rights must be upheld "if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89; see e.g., Bell v. Wolfish, 441 U.S. 520 (1970) (deferring to the judgment of correctional officials by upholding search policy rule requiring pretrial detainees to expose their body cavities for visual inspection following contact visits with outside persons). Simply put, "the need for a particular search must be balanced against the resulting invasion of personal rights." Florence v. Bd. of Chosen Freeholders of

Burlington, 132 S. Ct. 1510, 1516 (20112) (internal citations omitted).

In this case, the defendants are clearly entitled to judgment as a matter of law because they did not conduct an unreasonable search or seizure in violation of plaintiff's rights. First, defendant Moore oversaw the search and seizure of plaintiff's property, all in accordance with VCBR policies. Dkt. No. 17; Moore Dec. ¶ 8. Wilson, as director of VCBR, was involved in plaintiff's case in an administrative capacity, he reviewed plaintiff's internal appeal of the search of his property outside his presence and the determination by the Treatment Team, along with the Property Department, not to allow plaintiff to keep his writing due to them being counter-therapeutic because of their deviant sexual behavior content. Dkt. No. 17; Wilson Dec. ¶¶ 8, 11. Further, as a VCBR facility manager, one of Wilson's primary responsibilities is to ensure that VCBR is maintained as a safe and therapeutic environment. Id. at ¶¶ 5, 6. There is no genuine dispute as to any material fact with regard to the actions taken by defendants, and because defendants clearly did not violate plaintiff's rights, they are therefore entitled to judgment as a matter of law.

C. Qualified Immunity

Because the Court has made a determination on the merits of plaintiff's claims, a discussion as to defendants' qualified immunity argument is not necessary.

## IV. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment will be granted. An appropriate Judgment and Order shall issue.

Entered this \_\_11th\_\_ day of \_\_May\_\_ 2016.

Alexandria, Virginia

_____/s/_____
Liam O'Grady
United States District Judge